THOMAS, Judge.
 

 On April 18, 2010, Ann LaRose (“the paternal grandmother”) and Kelly Hill (“the paternal aunt”) came to Alabama to exercise visitation with Vanessa LaRose (“the child”) pursuant to a South Carolina consent judgment awarding the paternal grandmother and Joseph P. LaRose III (“the paternal grandfather”) unsupervised visitation with the child every third weekend and for two nonconsecutive two-week periods each summer. Royce LaRose (“the mother”) refused to permit the paternal grandmother and the paternal aunt to visit with the child. In fact, the following day, on April 19, 2010, the mother filed a petition in the Cullman Circuit Court seeking a protection-from-abuse (“PFA”) order pursuant to Ala.Code 1975, § 30-5-1 et seq., against both the paternal grandmother and the paternal aunt. The mother’s petition was assigned case number DR-10-243. The court entered two ex parte PFA orders restraining both the paternal grandmother and the paternal aunt front contact with the mother, as permitted by Ala.Code 1975, § 30-5-7(a)(l) and (b)(1) — (3).
 

 On May 25, 2010, the paternal grandmother and the paternal grandfather (referred to collectively at times as “the paternal grandparents”) filed a “Notice of Registration of Child Custody Determination” pursuant to Ala.Code 1975, § 30-3B-305, a portion of the Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”), codified at Ala.Code 1975, § 30-3B-101 et seq. That action was assigned case number DR-10-243.01. The paternal grandparents also requested expedited enforcement of the custody determination under Ala.Code 1975, § 30-3B-308; in their enforcement petition, as required by § 30-3B-308(b)(3), the paternal grandparents apprised the court of the PFA restricting the paternal grandmother from contact with the mother. The mother was served with the notice and the enforcement petition on June 15, 2010. The trial court set the paternal grandparents’ enforcement petition for a hearing on August 4, 2010.
 
 [1]
 
 The paternal grandparents objected to the setting of the hearing on the enforcement petition at such a late date and requested the trial court to set an earlier hearing; however, the trial court did not reconsider its order setting the hearing, and the petition was not considered until August 4, 2010.
 

 
 *654
 
 On July 15, the paternal grandmother filed what she entitled a “Motion for Emergency Order Dissolving Ex Parte Protection Order” in case number DR-10-243. The trial court set the paternal grandmother’s motion for a hearing on August 4, 2010.
 

 On or about July 16, 2010, the paternal grandfather, who was not the subject of the ex parte PFA orders in existence at the time, attempted to exercise visitation with the child. The mother refused to allow the paternal grandfather to exercise his visitation. On July 21, 2010, the mother filed a petition seeking a PFA order against the paternal grandfather; that action was assigned case number DR-10-481. The trial court set a hearing on the mother’s PFA petition on August 4, 2010, and consolidated case number DR-10-481 with case numbers DR-10-243 and DR-10-243.01. We note that, despite the consolidation of the actions, “the actions retain[ed] their separate identity and the parties and pleadings in one action d[id] not automatically become parties and pleadings in the other action[s].” Rule 42, Committee Comments on 1973 Adoption;
 
 see also Ex parte Flexible Prods. Co.,
 
 915 So.2d 34, 50 (Ala.2005); and
 
 H.J.T. v. State ex rel. M.S.M.,
 
 34 So.3d 1276, 1278 (Ala.Civ.App.2009).
 

 After the trial on the consolidated actions, the trial court entered a judgment in each action on August 10, 2010. In those judgments, the trial court found that the paternal grandparents and the paternal aunt had “engaged in a pattern of abusive conduct designed to harass, intimidate and threaten the [mother] and that she is fearful for her life and that of her child.” As a result, the trial court prohibited the paternal grandparents and the paternal aunt
 

 “from contacting the [mother], her children, husband or anyone in their extended families, in any manner whatsoever, in person, through a third (3rd) party, directly or indirectly, by mail, phone, or any other electronic means and shall maintain a distance away from the aforementioned persons of at least two thousand (2,000) feet at all times.”
 

 In addition, the trial court specifically addressed the paternal grandparents’ request for enforcement of the visitation rights awarded in the South Carolina judgment, stating:
 

 “Further, the [paternal grandparents’] rights of visitation with the [mother’s] minor daughter are hereby suspended in the State of Alabama until the same can be reviewed by the South Carolina court, with a view toward modification thereof allowing for strict supervision of same for the safety and safe return of the child to her mother.”
 

 The paternal grandmother and the paternal aunt filed a motion to certify the August 10, 2010, “order” as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., in case number DR-10-243. The paternal grandfather filed an identical motion in case number DR-10^481. The trial court denied both motions as moot, stating in its order denying the requested certifications that the August 10, 2010, judgments were already final judgments. On October 12, 2010, the paternal grandmother and the paternal aunt filed a notice of appeal in case number DR-10-243 and the paternal grandfather filed a notice of appeal in case number DR-10-481.
 

 On September 9, 2010, the paternal grandparents filed what they styled as a “Motion to Vacate and Motion for Stay” directed toward the August 10, 2010, judgment in case number DR-10-243.01. In that motion, the paternal grandparents argued, among other things, that the August 10, 2010, judgment was void because the trial court lacked subject-matter jurisdiction under the UCCJEA to amend, modify, or suspend the South Carolina judgment
 
 *655
 
 and the trial court’s judgment failed to afford full faith and credit to the duly registered South Carolina judgment. The trial court denied the paternal grandparents’ motion on September 10, 2010, and the paternal grandparents filed a notice of appeal in case number DR-10-248.01 on October 8, 2010.
 
 [2]
 

 Although no party has challenged our jurisdiction over any aspect of this appeal from the three consolidated actions, this court is bound to recognize a lack of subject-matter jurisdiction
 
 ex mero motu. R.J.G. v. S.S.W.,
 
 42 So.Sd 747, 751 (Ala.Civ.App.2009). As noted above, the three actions, although consolidated below, maintained their separate identities. Rule 42, Committee Comments on 1973 Adoption. The trial court properly entered a judgment in all three actions. An examination of the postjudgment filings by the paternal grandparents and the paternal aunt after the entry of the judgments in the three cases, however, requires us to determine that the appeal, insofar as it is taken from the judgments in case number DR-10-243 and case number DR-10-481, must be dismissed.
 

 The appeal, insofar as it is taken from case number DR-10-243 and case number DR-10-481, was filed more than 42 days after entry of the August 10, 2010, judgment in each of those two actions and was therefore not timely filed.
 
 See
 
 Rule 4(a)(1), Ala. R.App. P. (stating that an appeal shall be filed within 42 days of the entry of judgment). This is the case despite the fact that all three actions were consolidated.
 
 See R.J.G.,
 
 42 So.3d at 752-53 (determining that a father’s appeal in one of two consolidated actions was untimely but that his appeal in the other action was timely in light of the timing of the entry of the judgments in the two separate yet consolidated cases and the postjudgment practice in each case). The motions seeking to have the August 10, 2010, judgments in case number DR-10-243 and case number DR-10-481 certified as final judgments pursuant to Rule 54(b) were
 
 not
 
 motions that would toll the time for taking an appeal.
 
 See
 
 Rule 4(a)(3), Ala. R.App. P. (“The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure ... shall suspend the running of the time for filing a notice of appeal.”). No post-judgment motions that would have tolled the time for an appeal were filed in either case number DR-10-243 or case number DR-10^481. Thus, the time for appeal of the judgments in both case number DR-10-243 and case number DR-10-481 expired on September 21, 2010. The timely filing of a notice of appeal is a jurisdictional act.
 
 R.J.G.,
 
 42 So.3d at 753. The appeal, insofar as it is taken from the trial court’s judgments in case number DR-10-243 and case number DR-10-481, which involved the PFA orders restraining each of the paternal grandparents and the paternal aunt, is hereby dismissed. Therefore, we will not discuss any arguments raised on appeal relating to the propriety of or the procedure concerning the entry of the PFA orders in case number DR-10-243 and case number DR-10-481.
 

 However, the appeal, insofar as it is taken from the judgment entered in case number DR-10-243.01, is timely. The paternal grandparents filed a postjudgment motion seeking to vacate the August 10, 2010, judgment on September 9, 2010. That motion, having been filed within 30 days of the entry of the judgment and pursuant to Rule 59, Ala. R. Civ. P., did serve to toll the time for filing the notice of appeal in case number DR-10-243.01.
 
 See
 
 Rule 4(a)(3);
 
 R.J.G.,
 
 42 So.3d at 753. Ac
 
 *656
 
 cordingly, we will address the paternal grandparents’ appeal from the judgment entered in DR-10-243.01, and we will consider the arguments on appeal relating to the trial court’s judgment insofar as it addresses the registration and enforcement of the South Carolina visitation judgment pursuant to Ala.Code 1975, §§ 30-3B-305, -308, and -310.
 

 The paternal grandparents argue on appeal that the trial court lacked jurisdiction to modify or “suspend” the visitation rights granted to them in the South Carolina judgment and, thus, that its judgment violates the Full Faith and Credit Clause of the United States Constitution. U.S. Const., Art. I, § 1. Alabama law has long accorded the custody judgments of our sister states full faith and credit.
 
 See Ashwood v. Ashwood,
 
 371 So.2d 924, 928 (Ala.Civ.App.1979). The UCCJEA also acknowledges the duty of an Alabama court to recognize and enforce a custody judgment entered by a sister state, provided that that state exercised jurisdiction in conformity with the UCCJEA. Ala.Code 1975, § 30-3B-303;
 
 see also G.P. v. A.A.K.,
 
 841 So.2d 1252, 1255 (Ala.Civ.App.2002).
 

 The mother argues that the trial court, based upon the allegations in the PFA petitions, had temporary emergency jurisdiction over the child pursuant to Ala.Code 1975, § 30-3B-204(c), a portion of the UC-CJEA.
 
 [3]
 
 That section does provide a court that would not otherwise have jurisdiction to modify a custody judgment of another state the power to enter a temporary judgment if the child is present in the state and the child has been abandoned “or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.” § 30-3B-204(a). Thus, the mother argues, the trial court had jurisdiction to “suspend” the paternal grandparents’ visitation rights pursuant to its temporary emergency jurisdiction.
 

 To fully analyze whether the trial court’s August 10, 201Ó, judgment “suspending” the paternal grandparents’ visitation rights was entered in accordance with the UC-CJEA, we must delve into the procedures governing the registration and enforcement of child-custody judgments of another state in an Alabama court. As explained above, the paternal grandparents initiated this action by filing a petition seeking the registration of the South Carolina judgment pursuant to § 30-3B-305. Because the mother did not seek to contest the registration of the South Carolina judgment within 30 days of being served with the petition to register and enforce that judgment,
 
 see
 
 § 30-3B-305(d), the registration of the South Carolina judgment was confirmed as a matter of law.
 
 See
 
 § 30-3B-305(e).
 

 The paternal grandparents also sought expedited enforcement of the South Carolina judgment pursuant to § 30-3B-308; their enforcement petition should have been set for an expedited hearing pursuant to § 30-3B-308(c). Generally, at a hearing on an enforcement petition, the respondent seeking to avoid enforcement of another state’s custody judgment should establish a defense to the enforcement of that judgment; the available defenses to enforcement are lack of jurisdiction in the issuing court, lack of required notice in the issuing court, or that the judgment sought to be enforced has been vacated, stayed, or modified by either the issuing court or a court with jurisdiction to do so.
 
 See
 
 § 30-3B-308(d). If no defense to the enforce
 
 *657
 
 ment action is established, the Alabama trial court must enforce the other state’s custody judgment
 
 unless
 
 the Alabama trial court has issued a temporary emergency order pursuant to § 30-3B-204.
 
 See
 
 Ala. Code 1975, § 30-3B-310(a).
 

 Because the mother did not present or establish any defense to the enforcement of the South Carolina judgment under § 30-3B-308(d), the only possible basis for the trial court’s failure to enforce that judgment would have had to have arisen from its assumption of temporary emergency jurisdiction under § 30-3B-204. As explained in the comment to § 30-3B-310:
 

 “There are no ... defenses [other than those enumerated in § 30-3B-308(d) ] to an enforcement action. If the child would be endangered by the enforcement of a custody or visitation order, there may be a basis for the assumption of emergency jurisdiction under Section 204 of this Act. Upon the finding of an emergency, the court issues a temporary order and directs the parties to proceed either in the court that is exercising continuing jurisdiction over the custody proceeding under Section 202, or the court that would have jurisdiction to modify the custody determination under Section 203.”
 

 § 30-3B-310, Official Comment. Thus, although the mother did not present any defenses to the enforcement of the South Carolina judgment, we agree with the mother that the trial court’s determination that PFA orders protecting the mother and the child were warranted served as a basis for the trial court’s exercise of temporary emergency jurisdiction pursuant to § 30-3B-204(a) and therefore as a basis for its decision to decline enforcement of the South Carolina judgment.
 

 This conclusion is bolstered by the comment to § 30-3B-204:
 

 “Relationship to Protective Order Proceedings. The [Uniform Child Custody Jurisdiction Act, a predecessor to the UCCJEA] and the [Parental Kidnapping Prevention Act] were enacted long before the advent of state procedures on the use of protective orders to alleviate problems of domestic violence. Issues of custody and visitation often arise within the context of protective order proceedings since the protective order is often invoked to keep one parent away from the other parent and the children when there is a threat of violence.
 
 This Act recognizes that a protective order proceeding will often be the procedural vehicle for invoking jurisdiction by authorizing a court to assume temporary emergency jurisdiction when the child’s parent or sibling has been subjected to or threatened with mistreatment or abuse.”
 

 § 30-3B-204, Official Comment (emphasis added).
 

 However, despite our conclusion that the trial court had temporary emergency jurisdiction under § 30-3B-204(a), our analysis is not at an end. Section 30-3B-204 does not merely provide for temporary emergency jurisdiction, it prescribes the manner in which that jurisdiction must be exercised. Because the trial court in the present case was concerned with the enforcement of an existing custody determination of another state, § 30-3B-204(c) governed the exercise of the trial court’s temporary emergency jurisdiction.
 

 Subsection (c) of § 30-3B-204 provides:
 

 “If there is a previous child custody determination that is entitled to be enforced under this chapter, or a child custody proceeding has been commenced in a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, any order issued by a court of this state under this section
 
 *658
 
 must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under Sections 30-3B-201 through 30-3B-203. The order issued in this state remains in effect until an order is obtained from the other state within the period specified or the period expires.”
 

 Further, the trial court was required to communicate with the South Carolina court as it exercised its temporary emergency jurisdiction. § 30-3B-204(d). Subsection (d) of § 30-3B-204 provides:
 

 “A court of this state which has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, shall immediately communicate with the other court. A court of this state which is exercising jurisdiction pursuant to Sections 30-3B-201 through 30-3B-203, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.”
 

 We conclude that, although the trial court did have temporary emergency jurisdiction pursuant to § 30-3B-204(a), the trial court’s judgment fails to comply with the requirements of § 30-3B-204(c) because it contains no time limit within which the mother must obtain an order modifying the South Carolina judgment from the South Carolina court. Without such a limitation, the trial court’s judgment “suspending” visitation is potentially a permanent judgment terminating visitation, which would effect a modification of the South Carolina judgment despite the fact that the trial court would have lacked jurisdiction under the UCCJEA to do so at the time of the August 10, 2010, judgment. Further, the record is devoid of any indication that the trial court followed the requirements of § 30-3B-204(d), which mandated that the trial court communicate with the South Carolina court as part of the trial court’s exercise of temporary emergency jurisdiction.
 

 Thus, we cannot conclude that the trial court’s judgment in case number DR-10-243.01, as presently worded, complies with § 30-3B-204 or with the UCCJEA. We must, therefore, reverse the trial court’s August 10, 2010, judgment in case number DR-10-243.01 insofar as it “suspended” the paternal grandparents’ visitation with the child, and we remand the cause for the trial court to communicate with the South Carolina court as required by § 30-3B-204(d) and to correct the wording of the provision effecting the “suspension” of the paternal grandparents’ visitation rights to comply with the limitations required by § 30-3B-204(b).
 

 APPEAL AS TO CASE NUMBER DR-10-243 AND CASE NUMBER DR-10-481 DISMISSED; JUDGMENT IN CASE NUMBER DR-10-243.01 REVERSED; AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . We note that § 30-3B-308 governs
 
 expedited
 
 enforcement of a custody judgment of another state. The hearing on the paternal grandparents’ enforcement petition was set for a date well after the "next judicial day after service of the order” directing the respondent to appear, which order, according to § 30-3B-308(c), should have been issued at the time the enforcement petition was filed. The paternal grandparents argue that the failure of the trial court to set an expedited hearing violated their due-process rights. Although the paternal grandparents have cited the Due Process Clause of the Alabama Constitution, Art. I., § 13, they have not developed an argument on the issue by providing authority applying the Due Process Clause in similar circumstances. Therefore, we conclude that they have failed to make an argument sufficient for our review under Rule 28(a)(10), Ala. R.App. P. As our supreme court has explained, "Rule 28(a)(10) requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived.”
 
 White Sands Group, L.L.C. v. PRS II, LLC,
 
 998 So.2d 1042, 1058 (Ala.2008).
 

 [2]
 

 . The three notices of appeal were assigned one case number on appeal (2100045).
 

 [3]
 

 . The mother does not assert that the trial court would have had jurisdiction to modify the South Carolina judgment under Ala.Code 1975, § 30-3B-203, so we assume, for purposes of this opinion, that the trial court would not have had such jurisdiction.