BRYAN, Judge.
This is the second time these parties have appeared before this court related to protection-from-abuse proceedings in the Cullman Circuit Court. We set forth the pertinent procedural history in LaRose v. LaRose, 71 So.3d 651 (Ala.Civ.App.2011), as follows:[1]
“On April 18, 2010, Ann LaRose (‘the paternal grandmother’) and Kelly Hill (‘the paternal aunt’) came to Alabama to exercise visitation with Vanessa LaRose *823 (‘the child’) pursuant to a South Carolina consent judgment awarding the paternal grandmother and Joseph P. LaRose III (‘the paternal grandfather’) unsupervised visitation with the child every third weekend and for two nonconsecutive two-week periods each summer. Royce LaRose (‘the mother’) refused to permit the paternal grandmother and the paternal aunt to visit with the child. In fact, the following day, on April 19, 2010, the mother filed a petition in the Cullman Circuit Court seeking a protection-from-abuse (‘PFA’) order pursuant to Ala. Code 1975, § 30-5-1 et seq., against both the paternal grandmother and the paternal aunt. The mother’s petition was assigned case number DR-10-243. The court entered two ex parte PFA orders restraining both the paternal grandmother and the paternal aunt from contact with the mother, as permitted by Ala.Code 1975, § 30-5-7(a)(l) and (b)(1) — (3).
“On May 25, 2010, the paternal grandmother and the paternal grandfather (referred to collectively at times as ‘the paternal grandparents’) filed a ‘Notice of Registration of Child Custody Determination’ pursuant to Ala.Code 1975, § 30-3B-305, a portion of the Uniform Child Custody Jurisdiction and Enforcement Act (‘UCCJEA’), codified at Ala.Code 1975, § 30-3B-101 et seq. That action was assigned case number DR-10-243.01 ....
[[Image here]]
“On or about July 16, 2010, the paternal grandfather, who was not the subject of the ex parte PFA orders in existence at the time, attempted to exercise visitation with the child. The mother refused to allow the paternal grandfather to exercise his visitation. On July 21, 2010, the mother filed a petition seeking a PFA order against the paternal grandfather; that action was assigned case number DR-10-481. The trial court set a hearing on the mother’s PFA petition on August 4, 2010, and consolidated case number DR-10-481 with case numbers DR-10-243 and DR-10-243.01. We note that, despite the consolidation of the actions, ‘the actions retain[ed] their separate identity and the parties and pleadings in one action d[id] not automatically become parties and pleadings in the other action[s].’ Rule 42, Committee Comments on 1973 Adoption; see also Ex parte Flexible Prods. Co., 915 So.2d 34, 50 (Ala.2005); and H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1278 (Ala.Civ.App.2009).
“After the trial on the consolidated actions, the trial court entered a judgment in each action on August 10, 2010. In those judgments, the trial court found that the paternal grandparents and the paternal aunt had ‘engaged in a pattern of abusive conduct designed to harass, intimidate and threaten the [mother] and that she is fearful for her life and that of her child.’ As a result, the trial court prohibited the paternal grandparents and the paternal aunt
“‘from contacting the [mother], her children, husband or anyone in their extended families, in any manner whatsoever, in person, through a third (3rd) party, directly or indirectly, by mail, phone, or any other electronic means and shall maintain a distance away from the aforementioned persons of at least two thousand (2,000) feet at all times.’
“In addition, the trial court specifically addressed the paternal grandparents’ request for enforcement of the visitation rights awarded in the South Carolina judgment, stating:
“ ‘Further, the [paternal grandparents’] rights of visitation with the *824 [mother’s] minor daughter are hereby suspended in the State of Alabama until the same can be reviewed by the South Carolina court, with a view toward modification thereof allowing for strict supervision of same for the safety and safe return of the child to her mother.’ ”
Id. at 653-54.
The paternal aunt and the paternal grandparents appealed the trial court’s August 10, 2010, judgments. This court dismissed the appeal taken by the paternal grandmother and the paternal aunt in case no. DR-10-243 and the appeal taken by the paternal grandfather in case no. DR-10^481 because the appeal “was filed more than 42 days after the entry of the August 10, 2010, judgment in each of those two actions and was therefore not timely filed.” Id. at 655 (citing Rule 4(a)(1), Ala. R.App. P.). However, because the paternal grandparents’ appeal in case no. DR-10-243.01 was timely, we considered the “arguments on appeal relating to the trial court’s judgment insofar as it addresse[d] the registration and enforcement of the South Carolina visitation judgment pursuant to Ala.Code 1975, § 30-3B-305, -308, and -310.” Id. at 656. In regard to the appeal from case no. DR-10-243.01, we held that,
“[b]ecause the mother did not present or establish any defense to the enforcement of the South Carolina judgment under § 30-3B-308(d), the only possible basis for the trial court’s failure to enforce that judgment would have had to have arisen from its assumption of temporary emergency jurisdiction under § 30-3B-204[,' Ala.Code 1975]. As explained in the comment to § 30-3B-310:
“ ‘There are no ... defenses [other than those enumerated in § 30-3B-308(d) ] to an enforcement action. If the child would be endangered by the enforcement of a custody or visitation order, there may be a basis for the assumption of emergency jurisdiction under Section 204 of this Act. Upon the finding of an emergency, the court issues a temporary order and directs the parties to proceed either in the court that is exercising continuing jurisdiction over the custody proceeding under Section 202, or the court that would have jurisdiction to modify the •custody determination under Section 203.’
“§ 30-3B-310, Official Comment. Thus, although the mother did not present any defenses to the enforcement of the South Carolina judgment, we agree with the mother that the trial court’s determination that PFA orders protecting the mother and the child were warranted served as a basis for the trial court’s exercise of temporary emergency jurisdiction pursuant to § 30-3B-204(a) and therefore as a basis for its decision to decline enforcement of the South Carolina judgment.
[[Image here]]
“We conclude that, although the trial court did have temporary emergency jurisdiction pursuant to § 30-3B-204(a), the trial court’s judgment fails to comply with the requirements of § 30-3B-204(c) because it contains no time limit within which the mother must obtain an order modifying the South Carolina judgment from the South Carolina court. Without such a limitation, the trial court’s judgment ‘suspending’ visitation is potentially a permanent judgment terminating visitation, which would effect a modification of the South Carolina judgment despite the fact that the trial court would have lacked jurisdiction under the UC-CJEA to do so at the time of the August 10, 2010, judgment. Further, the record is devoid of any indication that the trial *825 court followed the requirements of § 30-3B-204(d), which mandated that the trial court communicate with the South Carolina court as part of the trial court’s exercise of temporary emergency jurisdiction.”
Id. at 657-58.
Based on the above analysis, we reversed the August 10, 2010, judgment in case no. DR-10-243.01
“insofar as it ‘suspended’ the paternal grandparents’ visitation with the child, and we remand[ed] the cause for the trial court to communicate with the South Carolina court as required by § 30-3B-204(d) and to correct the wording of the provision effecting the ‘suspension’ of the paternal grandparents’ visitation rights to comply with the limitations required by § 30-3B-204([c])[2].”
Id. at 658. As noted earlier, the appeals taken from case nos. DR-10-243 and DR-10-481 were dismissed. Id.
On June 1, 2011, after a certificate of judgment had been issued by this court, the trial court entered an order on remand amending the August 10, 2010, judgments in case nos. DR-10-243, DR-10-243.01, and DR-10-481 to include the following language:
“Upon remand, this [cjourt finds that this [cjourt obtained temporary emergency jurisdiction pursuant to Alabama Code Section, 30-3B-204(a). Prior to the issuance of the original [ojrder, the [cjourt communicated with the South Carolina [cjourts regarding the jurisdictional issues between the Alabama and South Carolina [cjourt. The mother shall contact the South Carolina [cjourt by August 10, 2011[,j to obtain modification of the [cjourt [ojrder in place in South Carolina. The [paternal grandparents’] right of visitation with the [motherj’s minor daughter is hereby suspended in the State of Alabama until August 10, 2011[,j or the same can be reviewed by the South Carolina [cjourt, with a view toward modification thereof allowing strict supervision of same for the safety and safe return of the child to her mother.”
On August 9, 2011, the mother filed a motion for an extension of the PFA orders in case no. DR-10-243 and case no. DR-10-481. In her motion, she alleged that the paternal grandparents[3] continued to maké “verbal and physical threats against” the mother, the child, and third parties as described in the mother’s original PFA petitions despite the entry of the PFA orders in August 2010. The mother alleged that she continued to fear for her safety and for the safety of the child and that, without the extension of the PFA orders, the paternal grandparents would be able to carry out their threats. The paternal grandparents filed a response stating that the mother had not filed a petition to modify the South Carolina judgment, that the South Carolina court had not modified its judgment awarding them visitation, that they had not had any contact with the mother or the child as alleged by the mother, and that there was no basis for an extension of the PFA orders.
On August 15, 2011, the trial court granted the mother’s motion to extend the *826 PFA orders for an additional 12 months— until August 15, 2012. On August 18, 2011, the paternal grandparents filed a motion to reconsider the trial court’s order extending the PFA orders.
The record indicates that, on December 19, 2011, the Family Court for the Ninth Judicial Circuit of South Carolina entered a judgment denying the mother’s request to transfer subject-matter jurisdiction and venue of the action in that court to the State of Alabama. The judgment stated that the mother had not requested a modification of the South Carolina judgment as directed by the trial court and that, instead, the mother had requested that the South Carolina court transfer subject-matter jurisdiction of the case to Alabama. The judgment stated that the South Carolina court could not grant the relief requested by the mother.
The trial court subsequently conducted an ore tenus hearing on January 5, 2012, and received evidence regarding whether the PFA orders in case nos. DR-10-243 and DR-10^481 should be extended or made permanent. On January 17, 2012, the trial court entered a judgment in case nos. DR-10-243 and DR-10^481 that stated, in pertinent part:
“The [cjourt finds that the [paternal grandparents] continue to present a credible threat of harm to the [mother] and her family and that a further order for protection is necessary for the [mother] and family and to prevent further abuse.
“Accordingly, the [c]ourt hereby grants the motion to extend the [o]rder for protection from abuse dated August 10, 2010, and in doing so, ORDERS AND ADJUDGES, the [paternal grandparents and the paternal aunt] ... are enjoined and prohibited from harassing, stalking, annoying, telephoning, contacting, or otherwise communicating with the [mother], her children, husband, or anyone in their extended families, in any matter whatsoever, in person, through a third (3rd) party, directly or indirectly, by mail, phone, or any other electronic means and shall maintain a distance away from the aforementioned persons of at least two thousand (2,000) feet at all times.”
The paternal grandparents filed a post-judgment motion pursuant to Rule 59, Ala. R. Civ. P., which was denied by the trial court. The paternal grandparents then filed a notice of appeal in case nos. DR-10-243 and DR-10-481.
On appeal, the paternal grandparents argue that the trial court lacked jurisdiction to enter a permanent PFA order that effectively modified the South Carolina judgment awarding them visitation with the child and that, therefore, the trial court’s January 17, 2012, judgement is void. We agree that the trial court’s January 17, 2012, judgment is void, but we do so for reasons different from those asserted by the paternal grandparents on appeal.
As noted in LaRose, supra, the PFA orders entered in case nos. DR-10-243 and DR-10-481 on August 10, 2010, were final, appealable judgments. As set forth above, the paternal grandparents did not timely appeal the August 10, 2010, PFA orders entered in case nos. DR-10-243 and DR-10^481. Our review of the August 10, 2010, judgments entered in case nos. DR-10-243 and DR-10^481 reveals that the trial court placed no time limitation on the effectiveness of the PFA orders; thus, the August 10, 2010, PFA orders in case nos. DR-10-243 and DR-10-481 were permanent. See § 30 — 5—7(d)(2), Ala.Code 1975 (“Any final protection order is of permanent duration unless otherwise specified or modified by subsequent court order.”). Therefore, the PFA orders in case nos. DR-10-243 and DR-10-481 are *827 effective until modified by the trial court after a petition to modify the PFA orders has been filed. See § 30-5-7(d)(l), Ala. Code 1975 (“While the final protection order is in effect, the court may amend its order any time upon subsequent petition being filed by either party and a hearing held pursuant to this chapter”). Because the PFA orders entered in case nos. DR-10-243 and DR-10-481 were final and “permanent,” albeit subject to modification, the mother’s motions to extend the PFA orders, which were filed in case nos. DR-10-243 and DR-10-481, were moot because there was no time limitation on those PFA orders.
Our remand instruction to the trial court in LaRose, supm, to place a time limitation on the trial court’s assumption of jurisdiction was addressed only to case no. DR-10-243.01 because that case was the only case that this court had jurisdiction to review. Thus, to the extent that the trial court purported to amend the August 10, 2010, judgments in case nos. DR-10-243 and DR-10-481 on June 1, 2011, after remand from this court, the trial court erred in doing so because this court did not order the trial court to do so. Furthermore, because neither the mother nor the paternal grandparents filed a petition to modify the PFA orders entered in case nos. DR-10-243 and DR-10-481, the trial court never obtained subject-matter jurisdiction to enter any orders or judgments purporting to modify or amend the terms of the PFA orders entered on August 10, 2010, in case nos. DR-10-243 and DR-10-481.[4] Accordingly, the trial court’s January 17, 2012, judgments in case nos. DR-10-243 and DR-10-481 are void. See R.L. v. J.E.R., 69 So.3d 898, 902 (Ala.Civ.App.2011) (“ Without subject-matter jurisdiction, any judgment entered in the action is void.’ ” (quoting Eagerton v. Second Econ. Dev. Coop. Dist. of Lowndes Cnty., 909 So.2d 783, 788 (Ala.2005))). “A void judgment will not support an appeal.” Id. Therefore, the paternal grandparents’ appeal taken from the January 17, 2012, judgments in case nos. DR-10-243 and DR-10^81 is dismissed, albeit with instructions to the trial court to vacate the January 17, 2012, judgments and any orders purporting to amend or modify the August 10, 2010, PFA orders entered in case nos. DR-10-243 and DR-10-481.
The mother’s and the paternal grandparents’ requests for an attorney fee on appeal are denied.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., recuses herself.

. The terms defined in the following excerpt from LaRose, supra, will be used throughout this opinion.

. The opinion in LaRose actually ordered the trial court "to comply with the limitations required by § 30-3B-204(b)." 71 So.3d at 658 (emphasis added). Although this apparent typographical error in LaRose is not mentioned by the parties on appeal — most likely because it is evident from reading the entirety of the opinion that we were referring to subsection (c) of § 30-3B-204 — we take this opportunity to note the error.

. The paternal aunt did not participate in any of the proceedings after the cause was remanded to the trial court in April 2011.

. There is also no indication in the record that the paternal grandparents sought to have the PFA orders in case nos. DR-10-243 and DR-10-481 vacated pursuant to Rule 60(b)(4), Ala. R. Civ. P.