DONALDSON, Judge.
Michael Sheldon Poole (“the husband”) appeals from a judgment of divorce entered by the Lauderdale Circuit Court (“the trial court”) that, among other things, awarded Melanie Holley Poole *245 (“the wife”) a portion of the husband’s retirement accounts, granted the wife periodic alimony, awarded the wife alimony in gross, restrained the husband from having contact with the wife, and found the husband in criminal contempt of court. We affirm the portions of the judgment finding the husband to be in contempt and restraining the husband from contacting the wife. Because we find that insufficient evidence was presented regarding certain retirement assets to support the property division, we reverse the trial court’s judgment insofar as it distributed the marital estate, including the awards to the wife of periodic alimony and alimony in gross, and we remand the cause to the trial court for further proceedings consistent with this opinion.

Facts and Procedural History

The parties were married in August 1986. The parties had two children who had reached the age of majority before the divorce action was filed. According to the testimony, the marriage began to fail in 2012 when the husband engaged in a pattern of erratic and harassing behavior directed toward the wife. The wife testified that the husband had accused her of having affairs, that he had taken and hidden her automobile, that he had locked her out of the house at night, that he had placed his hands around her neck while threatening to break her neck, and that he had turned off the power to the marital residence at the main breaker, which was located behind a locked door to which only the husband had a key. She testified that, as a result of the husband’s harassment, she left the marital residence to live with her parents. She testified that, after she left the marital residence, the husband placed locks on certain doors within the residence.
On November 15, 2012, the wife filed a petition for protection from abuse in the trial court, which was docketed as case no. DR-12-601, after an encounter with the husband in the parking lot at her place of employment. The wife testified that the husband had approached her, had presented her with papers for an uncontested divorce, and had threatened to make her wish she was dead if she did not sign the papers. The trial court granted an ex parte protection order on November 16, 2012, and set the matter for a hearing. Following the hearing, the trial court entered a protection order enjoining the husband from threatening to commit or from committing acts of abuse against the wife and restraining the husband from contacting the wife. The trial court directed that the judgment would remain in effect until December 10, 2013. The husband appealed that judgment to this court. By an unpublished order, we dismissed that appeal for lack of prosecution. Poole v. Poole, (No. 2120257, Feb. 6, 2013) 159 So.3d 119 (Ala.Civ.App.2013) (table). The documents from the appeal in the protection-from-abuse case have been incorporated into the record in the present appeal.
The wife filed a complaint for a divorce on November 20,2012, citing incompatibility as the ground. In the complaint, however, the wife asserted, among other things, that the husband had been physically and emotionally abusive toward her during the marriage. She specifically referenced the filing of the protection-from-abuse petition in her complaint and incorporated by reference in her complaint the allegations made in that petition. In her prayer for relief, she requested an equitable division of the marital property, an award of periodic alimony, and the following:
“2. The Wife respectfully moves this Honorable Court to merge and/or combine this cause of action with the pending petition for protection from abuse *246 that she has filed and is currently pending in this matter in Case No. DR-12-601, Circuit Court of Lauderdale County, Alabama;
“3. That this Honorable Court will enter a permanent injunction prohibiting the Husband from coming about the Wife at anytime or place following disposition of the protection order that may be entered in this matter....”
The trial court entered a pendente lite order on December 16, 2012, that included, among other things, a provision regarding preservation of assets, stating that “[b]oth parties are ORDERED not to transfer or dispose of any assets other than for usual, normal and ordinary living expenses.” That order also required the parties to continue paying fixed monthly expenses existing at the time of their separation and requiring the party who was responsible for paying the monthly mortgage payment during the marriage to continue paying that expense during the pendency of the litigation.
The trial court conducted a trial on September 24, 2013. The husband represented himself. The wife testified that, in January 2013, the husband had deeded back the marital residence to the holder of the mortgage without her consent. On January 22, 2013, the husband had sent a letter to the wife’s attorney, stating:
“The owner of the house contacted me today and wants to foreclose and take possession back. January, 2013 payment is past due. I told him I would fax you this information as one last attempt so you may relay the information to [the wife] and she may make the decision if she wants to pay January payment and help with future payments.
“The owner will call me back today 1/22/13 at 5:30 pm expecting an answer if payment will be paid.
“I told him if I do not hear from you I would only have to assume there is no interest in preventing foreclosure and he advised me he will be delivering papers tonight to have house signed back over to him and all contents must be removed by Feb 1st, 2013.”
The husband also had sent a letter to her attorney on January 24, 2013, stating that “[a]ll contents from [the marital residence] must be removed by January 31, 2013 .... If I do not hear from you by 5 pm today ... I will assume [the wife] does not want anything from the house and I will throw away whatever I cannot use.” The wife filed a motion seeking an order of the trial court enjoining the husband from disposing of personal property in the marital residence and from deeding ownership of the marital residence without the consent of the wife in violation of the December 16, 2012, order. There is no indication that the trial court ruled on the wife’s motion for injunctive relief. She testified that, although the husband was able to afford the mortgage payment, he had failed to make the January 2013 payment on the note secured by the mortgage. She testified that, based on her opinion of the value of the house, the parties had lost approximately $35,000 in equity in the house because of the husband’s transfer.
The wife testified regarding various instances of the husband’s violation of the December 2012 pendente lite order. She also testified regarding the value of the marital residence, the respective incomes of the parties, and the assets of the parties. The wife further testified regarding numerous problems and issues she alleged had been caused by the husband’s conduct.
The wife testified that the husband had a monthly pension plan through Wise Alloys, LLC, a former employer, that would pay him $175 monthly upon reaching the age of 55. The evidence indicates that the *247 husband also had had a retirement account with Alcoa, another former employer, that he had cashed out before the divorce action was commenced. The wife testified that the husband may have had a retirement account through Reynolds Aluminum, another former employer, although there was no evidence submitted to show the present value of that account. The husband testified that he had been contributing $420 per month to his 401(k) account through Tarkett, Inc., his current employer, since 2010, but that he stopped doing so after he and the wife had separated. An earnings statement from Tarkett entered into evidence at trial showed that the husband had a balance of $1,227.50 in the 401(k) account. At trial, under cross-examination by the wife’s attorney, the husband testified as follows concerning the value of the 401(k) account:
“Q. And since you’re a supervisor, your best estimate of the current balance in that account would be approximately what?
“A. I haven’t contributed so whatever it says on that pay stub is probably the balance.
“Q. Do you think it’s got $2,387 in it? Is that your testimony?
“A. I would assume. I don’t know for sure.”
He also testified that he had attempted to withdraw $1,900 from that account but that he had been unable to do so, signifying that its value exceeded that amount.
The husband testified that he had submitted an affidavit of substantial hardship in the protection-from-abuse case, in which he stated that he had a gross income of $4,675 per month and that he had $1,375 left over every month after all of his expenses were paid. He testified that he believed that the wife was not due to be paid any equity in the marital residence. He denied being at fault for the divorce. He testified that the wife should not be granted any portion of his retirement benefits because she was living with a friend.
The trial court entered a final judgment on March 2, 2014. In the divorce judgment, the trial court awarded each party one-half of the value of the vested benefits in the husband’s retirement plans through Reynolds Aluminum, Wise Alloys, Alcoa, and Tarkett as of November 20, 2012. The judgment ordered the husband to pay $1,200 per month in periodic alimony to the wife. It also ordered the husband to pay the wife alimony in gross in the amount of $17,500 to satisfy her one-half interest in the purported equity in the marital residence which had been lost due to the husband’s transfer of the property during the pendency of the divorce case. The trial court found the husband to be' in contempt of the December 16, 2012, pen-dente lite order for “willingly and with a specific intent” transferring ownership of “the parties’ marital home to a third party.” The court further found the husband in contempt based on five additional and unspecified acts and sentenced him to five days of incarceration for each act. The court suspended the sentence on the condition that the husband comply with the terms of the judgment. The trial court denied motions for contempt filed by the husband against the wife during the pen-dency of the divorce case. The trial court further granted the wife’s request to extend the duration of the provision in the protection-from-abuse order restraining the husband from contacting the wife, stating: “There is hereby entered an order reaffirming the terms of the order of this Court granting a protection order to the Wife in Case No. [DR-12-601]. The same shall be made a permanent protection order the terms of which shall remain in effect until further order of the Court.”
*248 On March 21, 2014, counsel for the husband filed a notice of appearance. On the same date, the husband, through counsel, filed a motion to alter, amend, or vacate the judgment. The trial court set the motion for hearing on May 1, 2014. The trial court denied that motion on May 2, 2014. The husband filed a notice of appeal to this court on May 16, 2014. On appeal the husband contends (1) that the trial court erred in awarding the wife one-half of the husband’s retirement benefits because there was no evidence as to the present value of the husband’s retirement accounts, (2) that the award of alimony would be financially crippling to the husband, (3) that the award of alimony in gross was improper, (4) that the trial court erred in holding the husband in contempt, and (5) that the trial court improperly extended the duration of the protection-from-abuse order entered in a separate case, which order had already expired by its terms.

Discussion

1. Retirement Accounts
The husband first contends that the trial court erred in awarding the wife one-half of the husband’s retirement benefits when there was no evidence as to the present value of the husband’s retirement accounts.
“As a general matter, a trial court, as a component of a divorce judgment, may order an allowance to one spouse out of the other spouse’s estate when such an award is warranted. See Ala.Code 1975, § 30-2-51(a). In contrast, Ala.Code 1975, § 30—2—51(b), which was added in 1995 and upon which the husband bases his argument, authorizes a court granting a divorce to apportion as a marital asset ‘the present value of any future or current retirement benefits [] that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed’ (emphasis added).
“In Wilson v. Wilson, 941 So.2d 967 (Ala.Civ.App.2005); Applegate v. Applegate, 863 So.2d 1123 (Ala.Civ.App.2003); and McAlpine v. McAlpine, 865 So.2d 438, 440 (Ala.Civ.App.2002), this court held that, in order to support an award to one spouse of a portion of the other spouse’s retirement benefits pursuant to § 30-2-51(b), the spouse seeking such an award must introduce evidence establishing the ‘present value’ of the retirement benefits. Moreover, this court stated that ‘ “[t]he failure to present the necessary evidence of the present valuation of retirement benefits ... prevents the trial court from exercising its ... discretion to award one spouse any portion of the retirement benefits of the other spouse. McAlpine v. McAlpine, 865 So.2d 438 (Ala.Civ.App.2002).” ’ Wilson, 941 So.2d at 970 (quoting Apple-gate, 863 So.2d at 1124). Reversing the awards of retirement benefits in Wilson, Applegate, and McAlpine, this court remanded those cases with instructions for the pertinent trial courts to amend their judgments to eliminate the awards of retirement benefits and to reconsider divisions of marital assets on the basis of evidence that had already been introduced at trial.”
Brattmiller v. Brattmiller, 975 So.2d 359, 362-63 (Ala.Civ.App.2007)(footnote omitted). See also Underwood v. Underwood, 100 So.3d 1115 (Ala.Civ.App.2012).
In its judgment, the trial court specifically awarded the wife one-half of the value of the vested benefits in the husband’s retirement plans through Reynolds Aluminum, Wise Alloys, Alcoa, and Tark-ett as of November 20, 2012. The trial court received evidence from which it reasonably could have concluded that the husband’s 401(k) account through Tarkett had *249 a balance of $2,337 as of June 2013. The evidence further established that the husband had cashed out the Alcoa retirement account before the filing of the divorce complaint, and the trial court could have concluded that that account had a zero balance. Although the trial court received testimony indicating that the husband had a pension through Wise Alloys and that he might have a retirement account through Reynolds Aluminum, the wife failed to present evidence of the present value of those accounts. Regarding the Wise Alloys account, the wife testified only that the husband would receive a monthly pension of $175 beginning when he reached the age of 55. In her brief on appeal, the wife concedes that the present values of the Wise Alloys and Reynolds Aluminum accounts were not established at trial. Without any evidentiary basis to establish the present values of the Wise Alloys and Reynolds Aluminum retirement accounts, the trial court lacked a basis on which to order that the wife was entitled to any portion of those accounts. Thus, we must reverse the judgment insofar as it awarded the wife a portion of the husband’s Wise Alloys and Reynolds Aluminum retirement benefits. See Underwood, 100 So.3d at 1120.
2. Periodic Alimony and Alimony in Gross
The husband contends that the trial court erred in awarding the wife $1,200 per month in periodic alimony because, he contends, the trial court failed to consider his ability to pay that amount. The husband contends that the trial court’s award of alimony in gross to the wife in the amount of $17,500 was in error because, he says, the trial court relied on speculative evidence in determining the amount of equity the parties had in the marital residence. Because we are reversing the judgment insofar as it awarded the wife one-half of the value of the husband’s Wise Alloys and Reynolds Aluminum retirement accounts, we pretermit discussion of the merits of the husband’s arguments related to the awards of periodic alimony or alimony in gross to the wife. As this court has noted, “the issues concerning property division, alimony in gross, and periodic alimony are all interrelated.” Underwood, 100 So.3d at 1122. The entire judgment must be considered in determining whether the trial court exceeded its discretion as to those issues. See Spuhl v. Spuhl, 99 So.3d 339, 342 (Ala.Civ.App.2012). Accordingly, on remand, the trial court should reconsider the awards of periodic alimony and alimony in gross in light of the elimination of the award to the wife of one-half of the value of the husband’s Wise Alloys and Reynolds Aluminum retirement accounts.
3. Contempt
The husband contends that the trial court’s finding that he was in criminal contempt is erroneous because he did not receive adequate notice that contempt proceedings had been initiated against him. He contends that contempt proceedings against him were not initiated in accordance with Rule 70A, Ala. R. Civ. P. He also contends that the trial court found him in contempt for certain acts without specifically identifying those acts in its judgment. Although the husband’s post-judgment motion challenged the trial court’s contempt finding based on his transfer of the marital residence on the general basis that the trial court lacked evidence to sustain that finding of contempt, the husband failed to challenge the sufficiency of the notice of the contempt charges or the findings regarding the five additional acts supporting the contempt judgment in the trial court at any time.
It is well settled that “[t]his court will address only those issues properly pre *250 sented and for which supporting authority has been cited.” Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996). “ ‘ “Our review is limited to the issues that were before the trial court—an issue raised on appeal must have first been presented to and ruled on by the trial court.”’” Cashion v. Torbert, 881 So.2d 408, 413 (Ala.2003) (quoting Ex parte Weaver, 871 So.2d 820, 823 (Ala.2003), quoting in turn Norman v. Bozeman, 605 So.2d 1210, 1214 (Ala.1992)). This court may not consider arguments made for the fist time on appeal. Ex parte Dixon, 841 So.2d 1273, 1278 (Ala.Civ.App.2002) (declining to consider due-process arguments raised for the first time on appeal). See also Davis v. J.F. Drake State Tech. Coll., 854 So.2d 1151, 1157 (Ala.Civ.App.2002). Accordingly, we do not address the husband’s arguments that he did not receive adequate notice of the contempt proceedings and that trial court failed to specify certain acts for which he was cited for contempt.
4. Restraining Order
The husband contends that the trial court erred by extending the December 2012 protection-from-abuse order entered in case no. DR-12-601, which had expired by its terms in December 2013. The husband relies on this court’s opinion in LaRose v. LaRose, 114 So.3d 822 (Ala.Civ.App.2012), to support his contention that the trial court was without subject-matter jurisdiction to modify the protection-from-abuse order because neither party filed a petition to modify the terms of that order. LaRose, however, is distinguishable from this case. In LaRose, the trial court entered two protection-from-abuse orders in two separate cases and placed no time limitation on the effectiveness of the orders; thus, the orders were permanent under § 30-5-7(d)(2), Ala.Code 1975, which provides that “[a]ny final protection order is of permanent duration unless otherwise specified or modified by a subsequent court order.” The parties subject to the orders did not appeal from those orders. Subsequently, the mother in La-Rose—the person protected by the orders—filed a motion to extend the duration of the orders. This court determined that the mother’s motion was “moot because there was no limitation on those [protection-from-abuse] orders.” LaRose, 114 So.3d at 827. In this case, the December 2012 protection-from-abuse order expired one year after it was issued. Thus, it was no longer in effect at the time the trial court entered the divorce judgment in March 2014.
This case is more akin to Carnes v. Carnes, 82 So.3d 704 (Ala.Civ.App.2011). In that case, the wife obtained a protection-from-abuse order against the husband in the district court after he allegedly assaulted her. That protection-from-abuse order indicated that it was “permanent” and was intended to be effective until the entry of additional orders of the district court. Subsequently, in a judgment divorcing the parties, the circuit court issued a permanent restraining order against the husband. The husband contended on appeal from the divorce judgment that the trial court had “erred in entering a permanent restraining order against him because the parties were divorced on the ground of incompatibility of temperament and because the husband did not have a history of domestic violence.” Carnes, 82 So.3d at 710. This court held
“that thei'e was sufficient evidence in the record to support the [circuit] court’s order restraining the husband from contacting, harming, or harassing the wife. The husband admitted that he had put his hands around the wife’s neck and that he had told her that he could break her neck. The husband also admitted to firing a handgun at a truck that was occupied by the wife. Furthermore, the record indicates that the parties’ tumul *251 tuous relationship continued after they separated, despite the existence of a protection-from-abuse order.”
82 So.3d at 710. Thus, despite the existence of a previous protection-from-abuse order, this court concluded in Carnes that the circuit court had heard sufficient evidence to support including in the divorce judgment a permanent restraining order against the husband.
In the present case, the wife specifically requested the following relief in her complaint: “That this Honorable Court will enter a permanent injunction prohibiting the Husband from coming about the Wife at anytime or place following disposition of the protection order that may be entered in this matter.” The wife was not seeking modification of the December 2012 protection-from-abuse order; rather, she was seeking a permanent injunction restraining the husband from contacting or abusing her. In the divorce judgment, the trial court “reaffirmed” the December 2012 protection-from-abuse order that was entered in ease no. DR-12-601, incorporated the terms of that order by reference into the divorce judgment, and extended the duration of the order permanently or until further orders of the court. This was not a modification of the December 2012 protection-from-abuse order. Instead, it was a provision of the divorce judgment that referred to and incorporated the terms of the December 2012 protection-from-abuse order.
The trial court was within its discretion to grant the wife the injunctive relief she requested insofar as she sought to restrain the husband from abusing, harassing, or intimidating her. The trial court heard sufficient evidence to support that portion of its judgment. The wife testified, among other things,'that the husband had placed his hands around her neck and had threatened to break it; that the husband had made threatening comments to her when he attempted to get her to sign papers for an uncontested divorce; that the husband had turned off the electricity to the marital residence and had prevented the wife from turning it back on; and that, after the parties had separated, the husband had locked the wife out of parts of the marital residence. The wife stated that she had'been living in fear of the husband. The evidence indicated that the husband had made or had attempted to make contact with the wife after the parties had separated, despite the prohibitions contained in the protection-from-abuse order. Therefore, the provision of the judgment granting the wife the protection order is affirmed.

Conclusion

We affirm the trial court’s judgment insofar as it held the husband in contempt and insofar as it granted the wife a protection order. We reverse the trial court’s judgment insofar as it awarded the wife one-half of the value of husband’s Wise Alloys and Reynolds retirement accounts, and we remand the cause to the trial court with instructions to eliminate those awards from its judgment. Accordingly, we also reverse the trial court’s awards of periodic alimony and alimony in gross “so that, on remand, [the trial court] can reconsider [those awards] in conjunction with its reconsideration of its division of the marital assets.” Underwood, 100 So.3d at 1122.
The husband’s request for an award of attorney fees on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.