DONALDSON, Judge.
Generally, a trial court does not have jurisdiction to take action in a case that has been appealed until a certificate of judgment has been issued by the appellate court. See Veteto v. Yocum, 792 So.2d 1117, 1118-19 (Ala.Civ.App.2001), and Rule 41, Ala. R.App. P. Applying that principle to this case, this court determines that the orders that we have been asked to review are void and that, therefore, this appeal is due to be dismissed.
This is the second time that Michael Sheldon Poole (“the husband”) and Melanie Holley Poole (“the wife”) have been before this court concerning the judgment divorcing them entered by the Lauderdale Circuit Court (“the trial court”). See Poole v. Poole, 212 So.3d 244 (Ala.Civ.App.2015). This court provided the following summary of the proceedings in Poole:
“[The husband] appeals from a judgment of divorce entered by [the tidal court] that, among other things, awarded [the wife] a portion of the husband’s retirement accounts, granted the wife periodic alimony, awarded the wife alimony in gross, restrained the husband from having contact with the wife, and found the husband in criminal contempt of court. We affirm the portions of the judgment finding the husband to be in contempt and restraining the husband from contacting the wife. Because we find that insufficient evidence was presented regarding certain retirement assets to support the property division, we reverse the trial court’s judgment insofar as it distributed the marital estate, including the awards to the wife of periodic alimony and alimony in gross, and we remand the cause to the trial court for further proceedings consistent with this opinion.”
212 So.3d at 244-45.
This court released the opinion in Poole on May 15, 2015. On May 29, 2015, the husband filed an application for rehearing in this court. On August 6, 2015, this court overruled the husband’s application for rehearing. The husband filed a petition for a writ of certiorari to our supreme court on August 21, 2015, On November 12, 2015, the supreme court, pursuant to *263 Rule 39(f), Ala. R.App. P., entered an order granting the petition in part, denying the petition in part, and setting a briefing schedule for the parties.[1] As of the date of release of this opinion, that case remains pending in our supreme court (case no. 1141253). Neither this court nor our supreme court has issued a certificate of judgment pursuant to Rule 41, Ala. R.App. P.
After this court released the opinion in Poole but while the cause was pending further appellate review on rehearing in this court and on certiorari review in the supreme court, the parties and the trial court recommenced the proceedings below despite the fact that neither this court nor the supreme court has issued a certificate of judgment in this case. On June 11, 2015, the husband filed in the trial court a “motion for hearing on remand from the court of civil appeals.” That motion does not mention that the husband had filed an application for rehearing in this court. The trial court set the matter for a hearing on August 7, 2015. On September 24, 2015, the trial court entered an order (“the September 24, 2015, order”) stating that the part of the divorce judgment granting the wife an interest in the husband’s retirement accounts “shall be modified to remove any portion of the award from the retirement of the Husband with Wise Alloys or Reynolds Aluminum to the Wife, in keeping with the instructions from the Court of Civil Appeals” in Poole and that “[a]ll other aspects of the [trial court’s divorce judgment] shall remain in full force and effect.”
On October 20, 2015, the husband filed a motion to alter, amend, or vacate the September 24, 2015, order. On January 6, 2016, the trial court entered an order (“the January 6, 2016, order”) on the husband’s postjudgment motion stating, in pertinent part, “[t]hat any award made to the Wife concerning retirement benefits of the Husband at ALCOA, Wise Alloys, or Reynold’s Metal Company is hereby vacated as provided by the Opinion of the Court of Civil Appeals [in Poole ]. The remaining award shall remain in full force and effect.” On January 15, 2016, the husband filed a notice of appeal to this court. This court docketed the current appeal as case no. 2150347.
“We first consider whether we have jurisdiction over this appeal, because ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997)(quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). Pursuant to Rule 41(a)(1), Ala. R.App. P., the timely filing of an application for rehearing in the Court of Civil Appeals “will stay the issuance of the certificate of judgment until disposition of the application unless otherwise ordered by the court.” Furthermore, pursuant to Rule 41(b), “[t]he timely filing of a petition for certio-rari in the Supreme Court shall stay the *264 issuance of the certificate of judgment by the courts of appeals, which stay shall continue until the final disposition by the Supreme Court.” “A ‘“judgment of [a Court of Appeals] is not a final judgment until that court issues a certificate of judgment, and an application for rehearing in that court and a petition in [the supreme court] for writ of certiorari stay the issuance of that certificate.””’ Veteto, 792 So.2d at 1118-19 (quoting Ex parte Tiongson, 765 So.2d 643, 643 (Ala.2000), quoting in turn Jackson v. State, 566 So.2d 758, 759 n. 2 (Ala.1990), and citing Rule 41). See also Campbell v. Taylor, 76 So.3d 258, 263 (Ala.Civ.App.2011)(holding that the trial court was without jurisdiction to amend the case-action summary to reflect disposition of the case by summary judgment when the trial court “had not been reinvested with jurisdiction because this court had not issued a certificate of judgment”); Bradford v. James, 879 So.2d 1184, 1188 (Ala.Civ.App.2003)(holding a judgment entered by a trial court before this court issued a certificate of judgment pursuant to Rule 41 to be void for lack of jurisdiction); and Plantation S. Condo. Ass’n, Inc. v. Profile Mgmt. Corp., 783 So.2d 838, 841 (Ala.Civ.App.2000)(holding that an order entered by the trial court six days after this court released an opinion in the case was void because this court had not issued a certificate of judgment).
In the present case, the issuance of a certificate of judgment in Poole has been stayed by the husband’s application for rehearing filed in this court and by the husband’s petition for a writ of certiorari to our supreme court, which has been granted in part. Because no certificate of judgment has been issued, this court’s judgment in Poole is not final. The trial court lacked jurisdiction to enter the September 24, 2015, and January 6, 2016, orders, and those orders, therefore, are void. A void judgment will not support an appeal. Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008). Accordingly, we dismiss the husband’s appeal.
The husband’s request for an award of attorney’s fees on appeal is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Rule 39(f) reads:
"Issuance of Writ of Certiorari. If the Supreme Court, upon preliminary consideration, concludes that there is a probability of merit in the petition and that the writ should issue, the Court shall so order, and official notice, in the form of a writ of certiorari, shall be given by the Supreme Court clerk to the parties or their counsel and to the clerk of the appropriate court of appeals. The writ is the official directive of the Supreme Court to the appeals court to deliver the record in the case to the Supreme Court for review. The record and one copy of the briefs and appendices, if any, shall be transmitted to the clerk of the Supreme Court. The order may also include a directive that the parties address only a particular issue or issues in their brief. The case shall stand for submission as herein provided.”