Patricia J. Courtright and George D. Courtright were married in January 18, 1969. The husband sued for a divorce in 1998. One child was born of the marriage; she was 23 years old at the time of the trial in her parents' divorce case. After receiving ore tenus evidence, the trial court entered a judgment that divorced the parties, divided their property, and awarded the wife periodic alimony. The wife filed a postjudgment motion. The trial court entered a new order that slightly modified its original judgment but that denied the majority of the relief requested in the wife's postjudgment motion. The wife appealed.
The record indicates that the parties were married for 30 years. The parties separated in August 1998, when the husband moved out of the marital residence. Both parties accused the other of conduct that caused the breakdown of the marriage. The wife accused the husband of adultery and of domestic violence in regard to an October 1997 incident. The husband admitted to "pushing" the wife in the October 1997 incident. The husband also admitted he had had a "relationship" *Page 455 
with a former girlfriend; however, he insisted that the relationship was not physical. The husband testified the wife has a volatile temper and that on one occasion she had gone so far as to shoot at his truck when he was standing beside it.
The parties had owned the marital residence for 11 years. In September or October 1997, they borrowed $14,000, with the debt secured by a second mortgage on the marital residence. The husband testified that he used that money to pay some of the parties' debts. He later admitted that he had used none of that money to pay off debt that was in the wife's name. The wife testified that although she signed the documents to obtain the loan secured by the second mortgage, she did not know for what purpose the husband used the money.
Also during that time, the husband transferred the balances from several of his credit-card accounts to the wife's Visa credit-card account. The wife presented evidence indicating that the husband had transferred or charged approximately $5,000 to her Visa account. The husband testified that the wife had consented to those transfers and charges.
In January 1998, the husband withdrew $14,000 from his 401(k) retirement plan. He testified that he used that money to pay off the parties' debts. He testified that he paid one-half of the balance on the wife's Visa credit-card account; he testified that that was the only debt in the wife's name on which he made a payment with the funds withdrawn from the 401(k) account. The wife testified that, so far as she knew, the husband had not paid any of the parties' debt with the funds he obtained from the loan secured by the second mortgage or from the withdrawal from his 401(k) plan.
The husband testified that in late 1998 the wife improperly endorsed a $1,000 check made out to him from First Family Financial Services. The husband testified that the wife's act of endorsing that check worked to open a loan account in the husband's name. The wife testified that the husband gave her permission to cash the check and that the funds were meant to pay for Christmas gifts.
The wife testified that the marital residence was worth approximately $100,000. The parties testified that the title to the marital home is encumbered by two mortgages; the first mortgage secured a balance of $71,000 and the second mortgage secured a balance of $14,000.
The wife owes approximately $10,000 on her Visa credit-card account. The husband testified he owed approximately $5,500 on his own credit-card account. The parties owed money on other, much less significant credit accounts, but neither party testified regarding the amounts of those debts.
The wife earns approximately $23,000 annually. The husband earned approximately $53,000 in 1998. He had earned approximately $60,000 in 1997. Both parties drive leased automobiles. The husband drives a 1999 GMC truck, and the wife drives a 1998 Cadillac automobile. The wife testified that the lease payment for the Cadillac was $649 per month.
At the time of trial, the husband had three retirement accounts. The husband's 401(k) plan was valued at $23,000 at the time of trial. The husband had another account valued at $60,000, and a third account valued at $12,000. The wife testified that she has a 401(k) plan through her employer that had, at the time of trial, a value of $5,000.
In its judgment, the trial court ordered that the marital residence be sold and that the equity be split between the parties. In the alternative, the wife could purchase the husband's half of the equity in the marital residence. If the wife decided to purchase the husband's interest in the marital residence, the judgment provided that the wife would be responsible for all of the debt secured by the mortgages on the home. *Page 456 
In its judgment, the trial court also "awarded" the husband the leased truck and the wife the leased Cadillac automobile. The trial court awarded the wife one-half of the husband's 401(k) plan, awarded each of the other pension or retirement accounts to the party whose name was on the account, and ordered that the husband maintain medical insurance on the wife for three years. The trial court also awarded the wife $500 per month in periodic alimony and a $2,500 attorney fee.
The trial court's judgment made the wife responsible for her Visa credit-card account debt and the $1,000 debt to First Family Financial Services. The trial court made the husband responsible for all other marital debt that was not specifically mentioned in the divorce judgment.
In its postjudgment order, the trial court clarified the provision requiring the husband to maintain COBRA insurance coverage on the wife for three years and modified its original judgment to make the husband responsible for the $1,000 debt owed to First Family Financial Services.
The wife lists 12 separate issues in the "statement-of-the-issues" portion of her brief on appeal. However, all of those "issues" relate to the trial court's property division and alimony award. Therefore, we examine whether the trial court abused its discretion in its division of the parties' marital property and in its award of alimony.
 "A divorce judgment based on ore tenus evidence is presumed correct, and this court will not reverse such a judgment absent a finding of a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985). This presumption of correctness is based, in part, on the trial court's unique position to observe the parties and witnesses firsthand and to evaluate their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408
(Ala. 1986)."
O'Neal v. O'Neal, 678 So.2d 161, 164 (Ala.Civ.App. 1996) (citation omitted).
A trial court's award of alimony and division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App. 1993). On appeal, the issues of alimony and property division must be considered together. The trial court's judgment on those issues will not be reversed absent a finding that the judgment is so unsupported by the evidence as to amount to an abuse of discretion. Id. The property division need not be equal, but it must be equitable. Id. The factors the trial court should consider in dividing the marital property include "the ages and health of the parties, the length of their marriage, their station in life and their future prospects, their standard of living and each party's potential for maintaining that standard after the divorce, the value and type of property they own, and the source of their common property." Covington v. Covington,675 So.2d 436, 438 (Ala.Civ.App. 1996).
The parties were married for 30 years. The wife worked throughout the parties' marriage. It is undisputed that her salary is approximately half of that earned by the husband. At the time of trial, the wife was 50 years old and the husband was 51 years old.
The parties' equity in the marital home is approximately $15,000. The wife was awarded one-half of the equity in the marital residence, her own 401(k) plan, one-half of the husband's 401(k) plan, which had a total value of $23,000, and $500 per month in alimony. The husband received one-half of the equity in the home, one-half of the value of his 401(k) plan, and the full amount, totaling $72,000, of his other two retirement accounts.
The wife was ordered to pay approximately $10,000 in debt; the husband was ordered to pay approximately $6,500 in debt. Each party was made responsible for the lease payments on his or her respective automobile. *Page 457 
In addition to providing the wife with insurance coverage for three years and requiring the husband to pay $500 per month in alimony, the trial court awarded the wife approximately $24,000 in marital assets and made her responsible for approximately $10,000 in marital debt. The husband was awarded approximately $91,000 in marital assets and was ordered to pay approximately $6,500 in marital debt. Thus, the husband was awarded approximately 80% of the marital assets and was ordered to pay less than one-half of the marital debt.
Although the wife was awarded $500 per month in alimony, she received only a minimal award of marital assets and she was ordered to pay the majority of the marital debt. We note that much of that debt was transferred from the husband's accounts to the wife's account. We recognize that the conduct of a party can affect the trial court's property division even when the parties are divorced on the grounds of incompatibility. Smith v. Smith,727 So.2d 113 (Ala.Civ.App. 1998). However, in its judgment the trial court made no finding of fault regarding either party's conduct regarding the breakdown of the marriage; it appears that the conduct of both parties contributed to the breakdown of the marriage.
The parties were married for 30 years. Given the length of the parties' marriage and the disparity in their incomes, we conclude that the property division and alimony award were not equitable. See Parrish v. Parrish, supra. We must hold that the property division and the award of alimony amount to an abuse of the trial court's discretion. We reverse those portions of the divorce judgment relating to the property division and the award of alimony, and we remand this action for the trial court to fashion an equitable distribution of the marital assets and to reconsider the question of alimony.
The husband's request for an attorney fee is denied.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.