This is the second time these parties have been before this court. Patricia J. Courtright (the "wife") and George D. Courtright (the "husband") were divorced by a judgment of the trial court, and the wife appealed the judgment as to the property division and the award of alimony. A recitation of the pertinent facts of the first appeal is set forth in Courtright v. Courtright, 757 So.2d 453 (Ala.Civ.App. 2000) (hereinafter "Courtright I"). In Courtright I, this court reversed the trial court's judgment and instructed it, on remand, to fashion an equitable property division and alimony award. Courtright I, 757 So.2d at 457.
The trial court conducted a hearing on November 20, 2000, during which it considered new evidence. That hearing went beyond the scope of this court's remand instructions in Courtright I. See Ex parte Jones,774 So.2d 607, 608 (Ala.Civ.App. 2000) ("`[o]n remand, the issues decided by the appellate court become [the] law of the case and the trial court's duty is to comply with the appellate mandate "according to its true intent and meaning, as determined by the directions given by the reviewing court"'").
Following the hearing, on December 6, 2000, the trial court entered a judgment that revised its original divorce judgment. Because the trial court considered new evidence in fashioning its December 6, 2000, judgment on remand, we must reverse. The case is remanded for the trial court to fashion an equitable property division and alimony award based upon the evidence that was before the court at the time of its original divorce judgment. All other matters raised by the parties at the November 20, 2000, hearing fall outside the scope of this court's remand order.
REVERSED AND REMANDED.
Yates, P.J., and Crawley, Pittman, and Murdock, JJ., concur. *Page 824