On Application for Rehearing

MOORE, Judge.
On application for rehearing, Deborah Lynn Weeks (“the wife”) argues that this court’s analysis of her economic and noneconomic contributions to her marriage to Michael Roy Weeks (“the husband”) is a “radical departure from existing well[-]established law and, in effect, diminished the trial court’s consideration of such factors as the parties[’] ‘station in life,’ the parties[’] ‘future prospects,’ the parties!’] ‘standard of living’ and ‘each party’s potential for maintaining that standard of living after the divorce.’ ” Appellant’s Application for Rehearing (quoting Courtright v. Courtright, 757 So.2d 453, 456 (Ala.Civ.App.2000), and Daugherty v. Daugherty, 579 So.2d 1377, 1379 (AIa.Civ.App.1991)). To the contrary, as this court pointed out in our opinion on original submission, Alabama law has long held that “ ‘[t]he purpose of the division of marital property is to give “each spouse the value of [his or her] interest in the marriage ....’” Lo Porto v. Lo Porto, 717 So.2d 418, 421 (Ala.Civ.App.1998) (quoting Pattillo v. Pattillo, 414 So.2d 915, 917 (Ala.1982)).” 27 So.3d 526, 529 (Ala.Civ.App.2008). It is definitely appropriate for a court to consider the economic and noneconomic contributions a spouse makes to the marriage in order to evaluate that spouse’s marital interest. This court did not err in any respect by analyzing the wife’s financial and other contributions to the parties’ marriage to determine whether the trial court had exceeded its discretion in dividing the parties’ marital property.
This court further disagrees with the wife’s assertion on rehearing that, by analyzing her contributions to the marriage, we necessarily diminished consideration of other factors pertinent to the determination of an equitable property division. In our opinion, this court specifically noted that, in fashioning an equitable property division, a trial court may consider other factors, including those set out in Courtright, supra. We point out, however, that those factors are not and never have been exclusive. See Huntress v. Huntress, 555 So.2d 1103, 1105 (Ala.Civ.App.1989). A trial court is not bound to focus solely on the health or future prospects of the parties to the exclusion of other pertinent factors. In the present case, this court merely considered the totality of the circumstances in concluding that the trial court had properly divided the parties’ property, although its division seemed disproportionate to the wife.
The wife also argues that the logical conclusion to be drawn from this court’s opinion is that a stay-at-home spouse, who brings no substantial assets into the marriage, is entitled to receive nothing in a division of property. We disagree. Had the wife stayed at home, but still contributed to the marriage, and had she not used her income almost entirely for her own benefit, our determination of whether the trial court had exceeded its discretion would have been different. But that is not the case. As this court has previously held, a trial court has wide discretion “to consider the unique facts and *534 circumstances of each individual case” in making a property division. Robinson v. Robinson, 840 So.2d 180, 183 (Ala.Civ.App.2002).
The wife argues further that this court’s conclusion — that she used most of her money to pay for her personal expenses and the personal expenses of her children — is inaccurate. She cites her testimony in support of her argument. However, the husband’s testimony contradicted the wife’s testimony on that issue, and this court cannot resolve issues of disputed fact. See, e.g., Friedman v. Friedman, 971 So.2d 23, 28 (Ala.2007). The wife also argues that this court committed a factual error by stating that the trial court had awarded the wife the personal items she had requested. She argues that the trial court awarded her only the items she wished to take to Florida with her; however, we conclude that the trial court could have inferred from the wife’s statement that the personal property she wanted to take with her to Florida was, in fact, all the personal property she wanted.
The wife does point out one factual error in this court’s opinion on original submission. We stated that the husband had paid for the wife’s son’s ear and for his car insurance. In fact, the husband testified that he had paid only the wife’s son’s insurance. That error, however, does not change our conclusion in this case.
For the foregoing reasons, the wife’s application for rehearing is overruled.
APPLICATION OVERRULED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.