COBB, Chief Justice
(dissenting).
I respectfully dissent from the denial of this petition for a writ of certiorari asking this Court to review the decision of the Court of Civil Appeals affirming the trial *724 court’s judgment in an underlying divorce action, specifically arguing that the trial court’s property division and alimony award were inequitable. Hise v. Hise (No. 2070161, Dec. 5, 2008) — So.3d - — ■ (Ala. Civ.App.2008) (table). Rule 30(a)(l)(D)2, Ala. R.App. P., states:
“Where it is not feasible to quote that part of the opinion either because no wording in the opinion clearly shows the conflict or because no opinion was issued, the petition shall state that this subparagraph is applicable and then state, with particularity, how the decision conflicts with a prior decision .... ”
The facts presented in the present petition by Mary Jo Hise, the former wife, are in compliance with Rule 39(d)(5)(A), Ala. R.App. P., and those facts are the only facts before us. Hise sets out the details of the trial court’s final judgment dividing the marital estate and states, in pertinent part:
“Relying on the total valuation of marital assets calculated by the Wife’s accountant to be $3,772,500, the trial court awarded the Husband $3,116,500 of the $3,772,500 ... while awarding the Wife only $656,000. The trial court awarded the Husband approximately 82.61% of the marital assets and awarded the Wife approximately 17.39% of the marital assets.
“Using those values provided by the Husband’s accountant, and those values calculated by the Husband himself, the Husband was awarded approximately 73% of the marital estate while the Wife was awarded approximately 27%.
“The Wife’s accountant calculated the Wife’s annual expenses for basic needs, excluding taxes and savings, to be approximately $56,000; with taxes and savings the amount is $96,149.37. The Husband testified at the hearing that, during the five years the case was pending before the trial, the Wife’s expenses for one of those years was approximately $150,000 or $200,000.... The award of $2,000 per month is less than half of the amount the Wife and her accountant calculated as necessary for her basic needs, excluding taxes and savings, and the $2,000 is approximately one-sixth of the monthly expenses the Husband claimed he paid for at least one year that this ease was pending.”
(Footnote omitted.)
The petition states as grounds for review that the Court of Civil Appeals’ no-opinion affirmance of the trial court’s judgment conflicts with the opinions of the Court of Civil Appeals and this Court in Mullís v. Mullís, 994 So.2d 934 (Ala.Civ.App.2007), affd, 994 So.2d 942 (Ala.2008). After describing the facts of Mullís in some detail and noting that in that case the Court of Civil Appeals reversed a trial court’s judgment awarding the husband approximately 81.8% of the parties’ net worth and awarding the wife only 18.2%, Hise states in her petition:
“The Wife petitions this Court for cer-tiorari review on the ground that the Court of Civil Appeals’ affirmance of the trial court’s property division and award of alimony directly conflicts with its decision in Mullís v. Mullís, 994 So.2d 934 (Ala.Civ.App.2007). The Wife contends that, had the Court of Civil Appeals adhered to its holding in Mullís v. Mullís in considering the facts in the present case, so like those in Mullís, it would have been compelled to reverse the trial court’s inequitable property division and award of alimony. Specifically, the Wife asserts that the Court of Civil Appeals failed to properly consider those factors that dictated its finding that the property settlement was inequitable in Mullís, namely those identified by the Court of Civil Appeals in Mullís v. Mullís, Court- *725 right v. Courtright, 757 So.2d 453 (Ala. Civ.App.2000) and Covington v. Coving-ton, 675 So.2d 436 (Ala.Civ.App.1996). These include the ages and health of the parties, the length of their marriage, the parties’ station in life and future prospects, their standard of living and potential for maintaining that standard after the divorce, the value and type of property they own, and the source of them common property. Courtnght v. Court-right, 757 So.2d 453, 456 (Ala.Civ.App. 2000) (quoting Covington v. Covington, 675 So.2d 436, 438 (Ala.Civ.App.1996)). “Conflict with decision of Alabama Supreme Court
“In Ex parte Mullís, 994 So.2d 942 (Ala.2008), this court affirmed the Court of Civil Appeals’ ruling in Mullís v. Mul-lís, 994 So.2d 934 (Ala.Civ.App.2007). In its opinion, the Supreme Court emphasized that the Court of Civil Appeals had relied on the factors set forth in its decision in Courtnght v. Courtnght, 757 So.2d 453 (Ala.Civ.App.2000), in reversing the trial court’s inequitable division of property. The Supreme Court concluded that the Court of Civil Appeals had properly reversed the trial court’s property division, particularly when 18.2% of the parties’ net worth was all the wife would receive from the marriage. This Court considered the length of the marriage, the parties’ future prospects and the value of the marital property in determining that the trial court’s division of the marital property was inequitable.”
Petition, at 3-5.
This statement of conflict with both Mullís cases fully complies with the requirements of Rule 39(a)(l)(D)2. Thus, Mary Jo Hise has presented us with facts and a statement of grounds for review that warrant our review. Moreover, this petition, at least on the facts before us, presents a situation that has a real likelihood of legal merit. If indeed the facts are as they are presented by the petitioner, the Court of Civil Appeals’ affirmance does conflict with the Mullís cases.
In denying this petition, this Court is speculating on the application of the cases cited by the Court of Civil Appeals in its no-opinion affirmance. I do not believe that this Court can validly refuse to review this petition on such a rationale. The Court of Civil Appeals cites Rule 28(a)(10), Ala. R.App. P., and various cases; however, this Court has no knowledge as to why that rule or those cases were cited. At this point, all that is before the Court are the petitioner’s facts and statement of grounds. We cannot know why the Court of Civil Appeals cited Rule 28 or whether that rule relates to anything the petitioner has presented to this Court. Similarly, we cannot know the significance of the cases cited in the Court of Civil Appeals’ no-opinion affirmance. It is certainly possible that Hise is attempting to “switch horses” for a more productive argument, but speculation on that possibility is not a basis on which this Court should deny Hise’s petition. Rule 53, Ala. R.App. P., is the procedural rule that authorizes this Court and the Court of Civil Appeals to issue no-opinion affirmances. Rule 53(d), Ala. R.App. P., states:
“An order of affirmance issued by the Supreme Court or the Court of Civil Appeals by which a judgment or order is affirmed without an opinion, pursuant to section (a), shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar.”
*726 See also Dennis v. Northcutt, 923 So.2d 275 (Ala.2005); Wade v. State, 986 So.2d 1212 (Ala.Civ.App.2007). I believe that our law prohibits this Court from denying a petition for a.writ of certiorari on the basis of speculation as to the applicability of the cases or rules cited in a no-opinion affirmance. I recognize, as Rule 53(d) states, that a no-opinion affirmance might be used as a procedural bar or as res judicata or the like, but this Court may not speculate that the legal authority cited in a no-opinion affirmance supports any particular conclusion. In this case the petitioner has properly stated conflict as a ground for review and has supplied facts to support that review with respect to an issue that strongly supports an inference that justice and equity have not been done. The denial of this petition on the basis of the rule and the cases cited by the Court of Civil Appeals in its no-opinion affir-mance is profound error. Accordingly, I must dissent.