MOORE, Judge.
Amy Carpenter Lyles (“the wife”) appeals from a. judgment of the Autauga Circuit Court (“the trial court”) divorcing her from Michael Wayne Lyles (“the husband”). We affirm the trial courts judgment.
Procedural History
On March 9, 2015, the husband- petitioned for a divorce from the wife. The wife answered the petition and counterclaimed for- a divorce on March 13, 2015. After a trial, the trial court entered a judgment on November 24, 2015, divorcing the parties, awarding the wife sole legal and physical, custody of the parties’ only minor child;. ordering the husband to pay $1,304 per month in child support; ordering-the parties’ marital home and beach condominium sold and the proceeds derived from the sales split evenly between the. parties; dividing the parties, debts; ordering the husband to pay $3,000 per month in alimony for 24 months and $2,000 per month in alimony for the following 24-month period; dividing the parties’ “Am-eri-Trade” and Merrill Lynch accounts equally between the parties; awarding the husband 70% of the balance of his 401k account; awarding the wife 30% of the balance of the husband’s 401k account; awarding the husband his pension, a Wells Fargo bank account, and a Regions Bank account; awarding the wife her American Fund individual-retirement account, her Bank of Wedowee individual-retirement account, a Swann Bancshares account, and a River Bank and Trust account. . ,
On December 21, 2015, the wife filed a postjudgment motion; that motion was denied by operation of law on' March 21, 2016.[1] On March 25, 2016, the wife filed her notice of appeal. -
*794 Discussion
L'
On appeal, the wife first argues that the trial court erred in declining to divide the husband’s pension.
“‘Alatbama] Code 1975, §30-2-51(b) ... authorizes a court granting a divorce to apportion as a marital asset “the present value of any future or current retirement benefitsf] that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed” (emphasis added).
“ ‘In Wilson v. Wilson, 941 So.2d 967 (Ala. Civ. App. 2005); Applegate v. Applegate, 863 So.2d 1123 (Ala. Civ. App. 2003); and McAlpine v. McAlpine, 865 So.2d 438, 440 (Ala. Civ. App. 2002), this court held that, in order to support an award to one spouse of a portion of the other spouse’s retirement benefits pursuant to § 30-2-51(b), the spouse seeking such an award must - introduce evidence establishing the “present válue” of the retirement benefits. Moreover, this court stated that “ ‘[t]he failure to present the necessary evidence of the present valuation of Retirement benefits ... prevents the trial court from exercising its ... discretion to award one spouse any portion of the retirement benefits of the other spouse. McAlpine v. McAlpine, 865 So.2d 438 (Ala. Civ. App. 2002).’” Wilson, 941 So.2d at 970 (quoting Applegate, 863 So.2d at 1124). Reversing the awards of retirement benefits in Wilson, Applegate, and McAlpine, this court remanded those cases with instructions for the pertinent trial courts to amend their judgments ‘to eliminate the awards of retirement benefits and to reconsider divisions of marital assets on the basis of evidence that had already been introduced at trial.’
“Brattmiller v. Brattmiller, 975 So.2d 359, 362-63 (Ala. Civ. App. 2007) (footnote omitted). See also Underwood v. Underwood, 100 So.3d 1115 (Ala. Civ. App. 2012).”
Poole v. Poole, 212 So.3d 244, 248 (Ala. Civ. App. 2015).
In Poole, this court noted that there was evidence presented of the monthly benefit the husband would receive from his pension when he reachéd the age of 55; however, there was no evidence presented as to the present value of the pension. 212 So.3d at 246-47. Therefore, this court concluded that the trial court lacked the discretion to award the wife any portion of the husband’s pension. 212 So. 3d at 247-48.
Similarly, in the present case, there was evidence presented indicating the monthly pension benefit the husband will receive when he reaches the age of 65; however, there was no evidence presented as to the present value of the pension. Therefore, the trial court did not err in declining to divide the husband’s pension. Poole, 212 So.3d at 247-48.
IL
The wife next argues that the trial court’s division of property and its award of alimony are inequitable.
“ ‘ “ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct *795 and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ Philpot v. State, 843 So.2d 122, 125 (Ala. 2002). ‘“The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.’” Waltman v. Rowell, 913 So.2d 1083, 1086 (Ala. 2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala. 1985)).”'
“‘Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala. 2005).
[[Image here]]

(( (

“ ‘ “On appeal, the issues of alimony and property division must be considered together. The trial court’s judgment on those issues will not be reversed absent a finding that the judgment is so unsupported by the evidence as to amount to an abuse of discretion. [Parrish v. Parrish, 617 So.2d 1036 (Ala. Civ. App. 1993).] The property division need not be equal, but it must be equitable. Id. The factors the trial court should consider in dividing the marital property include ‘the ages and health of the parties, the length of their marriage, their station in life and their future prospects,, their standard of living and each party’s potential for maintaining that standard after the divorce,. the value and type of property they own, and the source of their common property.’ Covington v. Covington, 675 So.2d 436, 438 (Ala. Civ. App. 1996).”
“ ‘Courtright v. Courtright, 757 So.2d 453, 456 (Ala. Civ. App. 2000).’
“Weeks v. Weeks, 27 So.3d 526, 529 (Ala. Civ. App. 2008).”
Sullivan v. Sullivan, 211 So.3d 836, 839 (Ala. Civ. App. 2016):
In the present case, at the time of trial the wife was 49 years old and the husband was 48 years old. There was no evidence indicating that either party has any health problems. The parties had been married for 26 years at the time the husband filed his petition for a divorce.
. The husband testified that he is the operations manager for a Texas-based International Paper plant. He testified that his net pay is $10,123.10 per month, after deductions for, among other things, his retirement contributions. He testified that he is also eligible for bonuses. On his form CS-42, see Rule 32, Ala. R. Jud. Admin., the husband indicated that his gross monthly income is $15,569. According to the husband, his expenses are $10,481.01 per month. We note,. however, that he included in his list of expenses $700 per month for college expenses for one of the parties’ children who had reached'the.age of majority and whom he is not required to support. He also included $2,900 for child support and alimony and $1,000 toward the wife’s debts. The husband was actually ordered to pay $1,304 per month in child support and $3,000 per month in alimony for the first 24 months. He was not ordered to pay any of the wife’s debts. .Considering those adjustments, the husband will have $10,185.01 in monthly expenses, including his monthly alimony and child-support obligations.
The wife testified that she had earned a degree in finance and thereafter had been employed earning between $1,000 and $1,200 per month until 1992, when she became pregnant with the first of the parties’ three children. She testified that she had not worked since 1992 until she began substitute teaching after the parties sepa *796 rated. She testified that the monthly expenses for her and the minor child are $4,992.66 per month, and she asked that the husband be required to pay that amount in alimony for 10 years. She testified that she desired to return to college for two years to obtain ah education degree.
At the time of the trial, the parties had sold their marital home and had received $99,637.97 in proceeds. The wife testified that they owned a beach condominium in which they had approximately $66,022 in equity.' The evidence indicated' that the parties had an “Ameri-Trade” account worth $36,439; each' party was awarded one-half of the value of that account. The husband’s 401k account, which had accrued during the marriage, was valued ' at $660,911.69; he also had a separate pension as to which no evidence of value was presented. The husband was awarded 70% of his-:401k account -and the wife was awarded the remaining 30%. The wife had an individual-retirement account worth $42,070.82 -that had accrued ; during the -marriage; she also had a separate individual-retirement' account that had accrued before the marriage that was worth $904.76. The wife was awarded both of her individual-retirement accounts. The -wife was also awarded a Swann Bancshares account and a River Bank and Trust account of unknown values. The husband was awarded a.Wells Fargo account and a Regions Bank account of unknown values. The wife was awarded personal property valued by the husband at $52,726; certain items valued at $5,843 of that total were designated as having been gifts to the wife. The husband was awarded personal property valued at $54,377; certain items valued at $4,325 were designated as having been obtained by gift or inheritance. The wife was ordered to pay debts in the total amount of $7,530.46; the husband was ordered to pay off two .credit cards, one that had no balance and the other that had a balance of an unknown amount.
The wife testified that the husband’s affair with a coworker had been the cause of the breakdown of the marriage; the husband denied having had an affair and testified that the wife’s false accusations had contributed to the breakdown of their marriage. We note that the trial court found the' parties mutually at fault for the demise of the marriage.
With regard to the property division, other than the personal property and the retirement accounts, all of the assets for which we have a value were divided evenly between the parties. With regard to the divisible retirement accounts, the wife was awarded $240,344.33 and the husband was awarded $462,638.18. Considering the marital assets and liabilities for which we have a- value, the husband was awarded $608,689.67, or 62% of the marital property, and the wife was awarded $375,726.35, or 38% of.the marital property.
With regard to alimony, we note that, for the first two years, the awards of alimony and child support alone will cover all but $688.66 of the wife’s and the minor child’s monthly expenses as presented by the'wife. The trial court could have determined that the wife could obtain part-time employment sufficient to cover that deficit. Moreover,' the wife testified that she would be able to obtain a second degree during that two-year period, which, presumably, would increase her earning potential. Thereafter, the wife will receive alimony reduced to $2,000 per month for an additional 24-month period.
-Although the division of property was not equal, considering the division of property and the award of alimony together, see Sullivan, 211 So,3d at 838-39, and considering that the trial court determined that both parties had been at fault in the *797 breakdown of the marriage, see Sullivan, 211 So.3d at 839 (noting that a trial court’s “““findings .on disputed facts are presumed correct”””), we cannot conclude that the trial court exceeded its discretion in its division of property and its award of alimony. Sullivan, 211 So.3d at 840 (noting that “ ‘ “[t]he property division need not be equal, but it must be equitable” ’ ”).
Conclusion
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
Thompson, P J., and Pittman, Thomas, and Donaldson, JJ., concur.

. Rule 59.1, Ala. R. Civ. P., provides that a postjudgment motion that is not ruled on by the court within 90 days is deemed denied at the expiration' of the 90-day period. The 90th *794 day following the wife’s filing of her post-judgment motion on December 21, 2015, was Sunday, March 20, 2016. Therefore, the wife’s postjudgment motion was deemed denied on Monday, March 21, 2016. See First Alabama Bank v. McGowan, 758 So.2d 1116 (Ala. Civ. App. 2000), and Richburg v. Cromwell, 428 So.2d 621 (Ala. 1983); see also Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1203-04 (Ala. 2009).